[Civ. No. 5648.  First Appellate District, Division One.—June 3, 1927.]

## JOHN GILDE, Respondent, v. GEORGE A. SCHUSTER, Appellant.

[1] EVIDENCE—WRITTEN CONTRACTS—MODIFICATION OF TERMS—INTENTION OF PARTIES.—Extrinsic evidence is not admissible to vary, modify, or contradict the terms of a written instrument by showing the intention of the parties to be different from that clearly expressed in the writing, since, under section 1625 of the Civil Code, when parties have deliberately put their engagements into writing in such terms as import a legal obligation without uncertainty as to the object or extent of their engagement, all previous negotiations and agreements with reference to the subject matter are presumed to have been merged in the written contract.

[2] CONTRACTS—CONSTRUCTION—AMBIGUITIES—INTENTION OF PARTIES—EVIDENCE.—It is the duty of a court, when the language of a written contract is not clear, positive, and certain to consult the conditions, situation, and motives of the respective parties for the purpose of ascertaining their intention.

[3] ID.—ASCERTAINMENT OF TRUE INTENTION—PAROL EVIDENCE—FACT. Where there is a latent ambiguity in a written contract, or if the language will admit of more than one interpretation, or if the intention of the parties is doubtful from a reading of the document, parol evidence of the circumstances and situation of the parties may be considered to ascertain their true intention, and in this matter an issue of fact may be presented.

[4] MONEY HAD AND RECEIVED—CONTRACTS—AMBIGUITIES—CONSTRUCTION—PAROL EVIDENCE.—In an action for money had and received, an instrument signed by defendant, acknowledging receipt of money from plaintiff, an agreement to invest it, and a promise to repay with interest in thirty days, is ambiguous, and, under section 1647 of the Civil Code, parol evidence is admissible to

1. General rule that parol evidence is not admissible to vary, add to, or alter a written contract, notes, 56 Am. St. Rep. 659; 17 L. R. A. 270.  See, also, 10 Cal. Jur. 930; 10 R. C. L. 1016.

2. Admissibility of parol evidence of circumstances and conduct of parties, note, 11 Am. St. Rep. 394.  See, also, 10 Cal. Jur. 938; 10 R. C. L. 1071, 1095.  Parol evidence to explain meaning of words used in writing, note, 122 Am. St. Rep. 596.

3. See 10 Cal. Jur. 940; 10 R. C. L. 1065, 1067.

ascertain the true intention of the parties by reference to the circumstances under which it was made.

[5] ID.—INTENTION OF PARTIES—FINDINGS—EVIDENCE—APPEAL.—In such action, where the evidence was sufficient to show that the parties intended the instrument to be a promissory note, a finding that it was one cannot be disturbed on appeal.

(1) 22 C. J., p. 1098, n. 96.   (2) 13 C. J., p. 542, n. 30.   (3) 22 C. J., p. 1182, n. 73.   (4) 22 C. J., p. 1175, n. 44.   (5) 4 C. J., p. 878, n. 81.

APPEAL from a judgment of the Superior Court of Alameda County.  James G. Quinn, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Fitzgerald, Abbott & Beardsley for Appellant.

Breed, Burpee & Robinson and William M. Thornton for Respondent.

TYLER, P. J.—Action for money had and received.  The complaint is in two counts.  Under the first it is alleged that plaintiff, on December 26, 1923, lent to the defendant at his request the sum of $1,000, which he promised to repay with interest thirty days after date.  The second count alleges that defendant received said sum from plaintiff under a promise to repay the same within such time.

Defendant in his answer set up as a special defense to each of the two causes of action that the money was obtained to be loaned by him to the Great Western Auto Finance Company for the benefit of plaintiff, along with the sum of $1,500 which defendant was lending to the company on his own behalf; that plaintiff's portion thereof had been so loaned to the company by defendant at the request of plaintiff and at his direction.  Upon the trial plaintiff, as part of his case, introduced in evidence a document signed by defendant and delivered by him to plaintiff in words and figures as follows:

"Oakland, Cal., December 26, 1923.

"Received from John Gilde One Hundred Dollars which I agree to invest at open interest rate for a period of thirty

days, at which time $1,000.00 plus open interest will be paid on demand.

"GEO. A. SCHUSTER."

The lower portion of the document contained the additional words and figures:

"I have in hand security of the value of $5,000.00 on 3 notes, of which John Gilde has an interest at $2,000.00.

"GEO. A. SCHUSTER.

"P. S. These notes under date of 12/27/23."

All of the lower portion to the original document was written thereon by defendant two or three days subsequent to the delivery of the writing in its original form, under circumstances hereinafter referred to. It was contended by plaintiff at the trial that the agreement was a promissory note. Defendant, on the other hand, claimed that the document was a mere receipt and agreement to invest and that defendant had loaned the funds to the Great Western Auto Finance Company in good faith and that, therefore, he could not be held liable upon the instrument. The trial court admitted parol testimony for the purpose of interpreting the meaning of the writing. Under this ruling all of the surrounding circumstances of the transaction were brought out. It appears therefrom, in substance, that on or about December 23, 1923, defendant visited a barbershop conducted by plaintiff and in the presence of several employees stated that he could obtain ten per cent per month on automobile loans. Doubts were expressed as to his ability so to do and of the safety of loans of this character. Defendant informed plaintiff that he wanted to invest in a loan of $2,500 and had only $1,500, and requested that plaintiff loan him $1,000 to make up the difference. Defendant assured plaintiff that the investment he intended to make was a perfectly safe one, as the company in placing the loans limited the value of the automobiles to fifty per cent of their value. Defendant then informed plaintiff that he would give him his personal note, but would not guarantee to pay him $100 for the month's interest, but that it would not be less than $70. After thinking the matter over plaintiff advanced to defendant $1,000 and received from him the instrument in question. On the following day defendant delivered to the Great Western Auto Finance Company the sum so obtained from

defendant, together with $1,500 of his own funds and received from said company three promissory notes secured by three conditional sales contracts. After receiving the same he met plaintiff and offered to turn over to him the security he had received from the finance company. Plaintiff suggested that he place them in his safe deposit box, which defendant did. At the same time defendant asked for his note and wrote thereon the addenda concerning the security which he held. Shortly thereafter, the finance company became insolvent and it developed that two of the promissory notes and conditional sales contracts were forgeries. In addition to these facts, one of the plaintiff's employees testified that defendant had requested a loan from plaintiff of the amount involved. Under this evidence the trial court found that plaintiff had loaned defendant the amount of the note, and it thereupon gave judgment for plaintiff without the usurious interest. It is conceded that if parol evidence of the transaction was properly admitted that the case comes within the conflict of evidence rule and must be affirmed, but it is urgently contended that aside from the admission of parol evidence to explain the words "open interest" the right of the court to receive such evidence was not authorized, as the instrument in other respects was plain and unambiguous and amounted to nothing more than an agreement to invest.

[1] It is, of course, elementary that extrinsic evidence is not admissible to vary, modify, or contradict the terms or provisions of a written instrument by showing the intention of the parties to be different from what is clearly expressed in a writing; for when the parties have deliberately put their engagements into writing in such terms as import a legal obligation without any uncertainty as to the object or extent of their engagement, all previous negotiations and agreements with reference to the subject matter are presumed to have been merged in the written contract, and the whole engagements of the parties and the extent of their undertaking is presumed to be contained therein. This rule is so well established that it is needless to cite authorities in its support, for it has found expression in our code (Civ. Code, sec. 1625). [2] The rule is likewise universal, however, that it is the duty of a court, when the language used is not clear, positive, and certain, to consult the con-

ditions, situation, and motives of the respective parties for the purpose of ascertaining their intention. [3] Though the agreement of the parties be reduced to writing, if there be a latent ambiguity therein, or if the language of the writing will admit of more than one interpretation, or if the intention of the parties is left in doubt from a reading of the document, parol evidence of the circumstances and of the situation of the parties may be considered in order to ascertain their true intention; and in this matter an issue of fact may be presented to the trial court for its determination. (*Los Angeles High School Dist.* v. *Quinn,* 195 Cal. 377 [234 Pac. 313]; *Shelley* v. *Byers,* 73 Cal. App. 44 [238 Pac. 177].) [4] That the instrument in question is ambiguous to our minds admits of no doubt. This is evidenced by the argument of the very able counsel on both sides of the case. The very first portion thereof indicates that it is a receipt. The next portion states its purpose and then follows an absolute promise to repay at a stated period with an indefinite rate of interest. It is difficult to imagine how so short an instrument could be more ambiguous. Having some features of a receipt and some of a promissory note, it was not only the right but the duty of the court to receive parol evidence to ascertain the true intention of the parties by reference to the circumstances under which it was made. (*Payne* v. *Neuval,* 155 Cal. 46 [99 Pac. 476]; Civ. Code, sec. 1647.) [5] Such evidence being abundant to prove that the parties intended the instrument to be a promissory note, the finding of the trial court that it was one cannot here be disturbed.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.